E. MARTIN ESTRADA
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
ROSALIND WANG (Cal. Bar No. 218626)
Assistant United States Attorney
     United States Courthouse
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3547
     Facsimile: (714) 338-3708
     E-mail:    Rosalind.wang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 21-60(A)-JLS |
|---|---|
| Plaintiff, | |
| v. | FIRST AMENDED PLEA AGREEMENT FOR DEFENDANT KLEAN WATERS, INC. |
| KLEAN WATERS, INC., et al., | |
| Defendants. | |

1.   This constitutes the plea agreement between KLEAN WATERS, INC. ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a)   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the

form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with one count of Knowing Violation of a Requirement of Approved Pretreatment Program, in violation of 33 U.S.C. § 1319(c)(2)(A).

      b)    Not contest facts agreed to in this agreement.

      c)    Abide by all agreements regarding sentencing contained in this agreement.

      d)    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e)    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f)    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g)    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

      a)    Not contest facts agreed to in this agreement.

      b)    Abide by all agreements regarding sentencing contained in this agreement, and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 11 of this agreement.

      c)    At the time of sentencing, move to dismiss the underlying indictment as against defendant. Defendant agrees,

however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable sentence to be imposed.

## CORPORATE AUTHORIZATION

4. Defendant represents that it is authorized to enter into this agreement. On or before the change of plea hearing pursuant to this agreement, defendant shall provide the USAO and file with the Court a notarized legal document(s) certifying that defendant is authorized to enter into and comply with all of the provisions of this agreement. Such legal document(s) shall designate a company representative who is authorized to take the actions specified in this agreement, and shall also state that all legal formalities for such authorizations have been observed.

## ORGANIZATIONAL CHANGES AND APPLICABILITY

5. This agreement shall bind defendant, its successor entities (if any), parent companies, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest"). Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation and Pretrial Services Office with reasonably prompt notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this

agreement.

## NATURE OF THE OFFENSE

6. Defendant understands that for defendant to be guilty of the crime charged in the one-count information, that is, Knowing Violation of a Requirement of Approved Pretreatment Program, in violation of Title 33, United States Code, Section 1319(c)(2)(A), the following must be true: (1) defendant knowingly violated a requirement of a pretreatment program; (2) the pretreatment program was approved under 33 U.S.C. § 1342(a)(3).  A corporation is responsible for the acts of its agents or employees if the acts are done or made within the scope of their authority and are done or made with the intent, at least in part, to benefit the corporation.

## PENALTIES

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 33, United States Code, Section 1319(c)(2)(A) is: a three-year period of probation; a three-year period of supervised release; a fine of not less than $5,000 nor more than $50,000 per day of violation; and a mandatory special assessment of $100.

## SUSPENSION, REVOCATION, AND DEBARMENT

8. Defendant understands that if defendant holds any regulatory licenses or permits, the conviction in this case may result in the suspension or revocation of those licenses and permits.  The USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof. Suspension and debarment of organizations convicted under various federal environmental protection and criminal statutes is a

discretionary administrative action solely within the authority of the federal contracting agencies. Defendant understands that unanticipated collateral consequences such as this will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts below and agree that the statement of facts is sufficient to support the plea of guilty to the charge described in this agreement as well as the sentence, conditions of probation, and fine specified in this agreement, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

From 2013 to April 16, 2015, defendant was a centralized waste treatment facility in Orange, California, that was permitted to receive non-hazardous industrial wastewater, treat it for pollutants if needed, and then discharge the water to the Orange County Sanitation District's ("OCSD") sewer. In 2013, defendant received a permit from OCSD to discharge wastewater to the sewer. Defendant was owned and operated by its president, co-defendant TIM MILLER.

OCSD runs a pretreatment program that was approved under 33 U.S.C. § 1342(a)(3), and that implements and enforces the EPA's national pretreatment standards established under the Clean Water Act ("CWA"). Pursuant to the CWA, any violation of any requirement imposed in OCSD's local pretreatment program was a violation of federal law. Defendant's permit from OCSD required defendant to,

among other things, test and, if necessary, treat wastewater so that the level of pollutants in it were below permitted levels when it was discharged to the sewer.

On April 16, 2015, acting within the scope of his agency and with the intent to benefit defendant, TIM MILLER knowingly failed to test wastewater and caused defendant to discharge the wastewater into the sewer, so that the type and concentration of pollutants in the wastewater remained unknown.

## SENTENCING AGREEMENT

10. Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in determining the fine for an organization violating offenses relating to the environment, but that all other sections of Chapter 8 of the U.S.S.G. are applicable in this case, including the provisions regarding probation and restitution. Defendant understands that in determining defendant's sentence, the Court is required to consider the relevant factors under the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a). Defendant agrees that at the time of sentencing the Court may consider any uncharged conduct in determining the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

11. Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2 and the factors set forth in Title 18, United States Code, Section 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to

promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, the parties agree to recommend that defendant be sentenced as follows:

    a) Probation: Defendant shall be sentenced to a three-year term of probation with conditions to be fixed by the Court.

    b) Criminal Fine: Defendant shall pay a criminal fine of $50,000, to be paid in full by the end of the term of probation, in accordance with a payment plan to be set by the United States Probation and Pretrial Services Office. In addition, defendant agrees to be jointly and severally liable for any fine imposed against co-defendant TIM MILLER.

    c) Special Assessment: Defendant shall pay a total special assessment of $100.

## WAIVER OF CONSTITUTIONAL RIGHTS

12. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel at every other stage of the proceeding.

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

   f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

   h) Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offense to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offense to which defendant is pleading guilty because of the expiration of the statute of limitations for that offense prior to the filing of the information alleging that offense; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offense to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.  Defendant's waiver of the statute of limitations shall be solely limited to, and shall solely apply to, this prosecution by the USAO for the offense contained in this plea agreement, and not to any other charge, prosecution, claim, demand, directive, arbitration, mediation or cause of action of any kind whatsoever in any past, present or future criminal, civil, administrative or any other type or kind of proceeding or action, by any person or entity, whether governmental or otherwise.  Defendant's waiver of the statute of limitations shall be binding upon and inure to the benefit of the USAO and

defendant, but shall not inure to the benefit of any persons or entities that are not signatories hereto.

## WAIVER OF APPEAL OF CONVICTION

13. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

14. Defendant agrees that, provided the Court imposes a term of probation at or below the statutory maximum and/or imposes a fine at or below the statutory maximum, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of probation imposed by the Court, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) the conditions set forth in Second Amended General Order 20-04 of this Court.

15. The USAO agrees that, provided (a) all portions of the

sentence are at or below the statutory maximum specified above, (b) the Court imposes a term of probation of no less than three years, and (c) the Court imposes a fine of no less than $50,000, the USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

16. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

17. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

18. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

19. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from

such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

20. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

21. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's determination of sentence, and (c) argue on appeal and collateral review that the Court's sentence is not in error, although each party agrees to maintain its view that the sentence referenced in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect

defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

22. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

23. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24. The parties agree that this agreement will be considered

//
//

part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

/s/Rosalind Wang                           1/12/23
ROSALIND WANG                              Date
Assistant United States Attorney

_/s/ Pres._                                1-11-2023
KLEAN WATERS, INC.                         Date
Defendant
By Tim Miller, President, its
authorized representative

_/s/_                                      January 11, 2023
RICHARD CALLAHAN                           Date
Attorney for Defendant
KLEAN WATERS, INC.

CERTIFICATION OF DEFENDANT

I have been authorized by defendant KLEAN WATERS, INC. to enter into this agreement on behalf of defendant. I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with defendant's attorney. I understand the terms of this agreement, and I voluntarily agree to those terms on behalf of defendant. I have discussed the evidence with defendant's attorney, and defendant's attorney has advised me of defendant's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the

14

1  consequences of entering into this agreement.  No promises,
2  inducements, or representations of any kind have been made to me or
3  to defendant other than those contained in this agreement.  No one
4  has threatened or forced me or defendant in any way to enter into
5  this agreement.  I am satisfied with the representation of
6  defendant's attorney in this matter, and I am pleading guilty on
7  behalf of defendant because defendant is guilty of the charge and
8  wishes to take advantage of the promises set forth in this
9  agreement, and not for any other reason.

_____/s/ Pres._____          ___1-11-2023___
KLEAN WATERS, INC.                                Date
Defendant
By Tim Miller, President,
its authorized representative

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am KLEAN WATERS, INC.'s attorney.  I have carefully and thoroughly discussed every part of this agreement with the authorized representative of my client.  Further, I have fully advised my client and its authorized representative of its rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this

15

agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        January 11, 2023
RICHARD CALLAHAN                       Date
Attorney for Defendant
KLEAN WATERS, INC.